TEMPERANCE A. COOK V. FRANK MOORE ET AL.

1. A purchaser without notice, for value, can defend his possession against a suit brought by a remote vendor relying upon the nullity of the deed obtained from him by duress and fraud.
2. Duress and fraud are causes for annulling a deed procured thereby, but only between parties and those having notice.

APPEAL from Kerr. Tried below before the Hon. I. N. Everett.

This action was brought by Temperance A. Cook to recover of the defendants, Frank Moore *et al.*, a tract of land in Kerr county. The plaintiff's title was derived from W. L. Haly, to whom the land had been patented. The deed of plaintiff from Haly was recorded in Bexar county, where the land was then situated, Kerr county having been subsequently organized. In September, A. D. 1862, the plaintiff made a conveyance of the land in question to one Perry B. Iles, from whom the defendants deraign title.

The petition alleged that the deed to Iles was extorted from her by fraud and fear, and signed and acknowledged by her under duress, as follows:

That about the twentieth day of September, 1862, Perry B. Iles, contriving and confederating with one James Dennison to defraud and injure petitioner, caused her and her family to be arrested on the false and fraudulent charge that Mollie Cook, petitioner's daughter, had stolen a sum of money, amounting to several hundred dollars, in Fort Bend county. That petitioner and family were imprisoned in her house by the said Iles and Dennison and their associates, and not permitted to communicate with friends or to procure legal advice; that Mollie Cook was confined in a room separate and apart from your petitioner and the rest of the family, and not

allowed to hold communication with your petitioner and family; the said Iles and family searched your petitioner's house and took possession of and subsequently carried off the money petitioner had in the house; that so soon as released from arrest, she sought the advice of counsel and friends, and repaired with as little delay as practicable, with her daughter Mollie, to Fort Bend county, and caused the whole matter to undergo judicial examination; that her daughter was adjudged by the court to be innocent of the charge which had been made against her by the said Iles, and that the property and money that had been taken by the said Iles from petitioner was ordered to be restored to her, and the aforesaid deed of conveyance, made by petitioner to said Iles, was declared by the court to be null and void; that said Iles did not restore the said deed to her, and that she caused to be published in a public newspaper, the name and date of which is not now recollected, a warning to all persons against purchasing said land, as the deed to Iles was fraudulent and executed under duress.

The prayer was for a decree declaring the deed to Iles void, canceling subsequent conveyances, and for possession and damages.

Defendants answered, pleading general issue, admitting that they deraigned title from Iles, setting up plea in estoppel, and, lastly, claiming that they were innocent purchasers for valuable consideration, without notice of plaintiff's claim.

Plaintiff excepted to the answer and moved to strike out that portion of the answer which alleged that defendants were "purchasers without notice." The motion was overruled. Plaintiff then amended, charging notice and fraud upon defendants and their grantor, Young, who purchased from the widow and heir of P. B. Iles.

The case was submitted to the jury on special inter-

rogatories, and all the issues were found in favor of plaintiff except the issue on the subject of notice, which was found in favor of the defendants. The court gave judgment in favor of defendants, and plaintiff gave notice of appeal.

*A. M. Jackson*, for appellant.—We think there was error in overruling plaintiff's motion to strike from defendants' answer the plea that they were "purchasers without notice." The object of the motion was to raise the question on the pleadings whether it was necessary for the plaintiff to allege notice, or in other words, under the aspect of the case as made by the petition, could the defendants protect themselves by such a plea? The plea of "purchaser without notice" is in its nature a plea of confession and avoidance. It admits in effect that there was duress, fraud, want of consideration and illegality of purpose in the conveyance to Iles, but seeks to avoid the consequences of this admission by setting up the fact that they purchased without any knowledge of the circumstances attending the execution of the deed to Iles, or of the plaintiff's claim to the property.

We contend that the deed to Iles, if procured under the circumstances mentioned in the petition, was an absolute nullity; that it never had any vitality, was incapable of being ratified, or cured by the lapse of time, and could not be made the basis of any legal or equitable defense. If our position is correct, we think the court should have stricken out that portion of the answer setting up such plea, as irrelevant and not pertinent to the issue, and have allowed us to have gone to the jury simply on the facts attending the execution of the deed to Iles.

But whether there was error or not in the action of the court in overruling the motion to strike out that portion of the answer, we think there was certainly error in giv-

ing judgment for the defendants after the jury had found all the allegations of the petition in reference to the execution of the deed to Iles to be true, and that it was tainted with fraud, extorted by duress, without consideration, and given for an illegal purpose. We contend that the deed to Iles was not merely voidable, but absolutely void.

Let us refer to the distinctions drawn by text writers and judges between void and voidable acts.

"A void act," says Bouvier, "is one which has no force and effect, and life can never be infused into it, such as is declared void by statute, or is immoral or against public policy. An act of this kind can never be confirmed; *quod ab initio non valet in tractu temporis non convalescet.*

"A voidable act is one which has some force and effect, but which, in consequence of some inherent quality, may be legally annulled or avoided." (2 Bouvier's Institutes, p. 27.)

Chief Justice Spencer, in Anderson v. Roberts, 18 Johns., 515–528, says: "In Lilly's Abr., 807, and Bacon's Abr., title Void and Voidable, we have the true distinction. A thing is void which is against the law at the very time of doing it. Bacon classes among acts which are absolutely void to all purposes the bond of *femmes covert*, acts of an infant, and of a person *non compos mentis*, after office found, and bonds given for the performance of illegal acts."

Justice Hemphill, in Cummings v. Powell, 8 Texas, 85, says: "A void act, as defined by the later cases, and by approved authorities, is one which is entirely null and not susceptible of ratification; and a voidable act is one which is obligatory upon others until disaffirmed by the party with whom it originated, and which may be subsequently ratified or confirmed." In this case, after decid-

ing that the conveyance of an infant was not void, but voidable, the court goes on to say: "This is apart from cases where actual fraud exists, or advantage is taken of the minor's imbecility. In all such cases the contract would be void, and so they would be where the consideration was illegal or against public policy."

We respectfully submit that if the conveyance of an infant, which is ordinarily only voidable, becomes absolutely void "in cases where fraud exists or the consideration is illegal or against public policy," that the deed of a person under duress is absolutely void where there is fraud, or want of consideration, or when given to stop a criminal prosecution.

In Spaulding v. Crawford, 27 Texas, 155, the court holds that a bond given to compound a felony is void.

In Goodman v. McGehee, 31 Texas, 354, it is held that a contract the consideration or performance of which is illegal is void.

In Roquemore v. Alloway, 33 Texas, 461, it is decided that a negotiable instrument which, for reasons of commercial policy is protected beyond all other contracts, is invalid in the hands of an innocent holder who acquired it before maturity, if originally executed for an illegal purpose. It has been time and again decided that patents improperly issued or procured by fraud are nullities, and holders under them acquire no rights. (Mason v. Russell, 1 Texas, 730; State v. Delesdenier, 7 Texas, 109; 2 How. U. S. R., 318; 7 Pet. R., 222.)

Repeated decisions establish the principle that judicial sales made by courts without jurisdiction are absolutely void. (Howard v. North, 5 Texas, 290; Peter v. Cator, 6 Texas, 554.)

Void deeds cannot be made the basis of possession in good faith. (Robson v. Osborne, 13 Texas, 387; Upshur v. Pace, 15 Texas, 533; Rogers v. Bracken, 15 Texas, 568.)

In the later case of Phelps and Johnson v. Zuschlag, 34 Texas, 371, to which we particularly refer, as the facts are in some respects similar to those of the case at bar, the court says, "that where an arrest for probable cause is made under lawful authority, but for an improper purpose, and the arrested party pays money, or enters into any contract, the object of which is to procure his enlargement, such arrest will be considered duress of imprisonment, and the party so arrested may recover back the money so paid, or avoid any contract made for the purpose of procuring his liberty." It will be observed that the court makes no distinction between executory and executed contracts, holding that money may be recovered back as well as contracts be avoided. Further on the court says: "Therefore, any contract, note or deed which Johnson might have extorted from Zuschlag, during such arrest, through fear of criminal punishment, must be held as wholly void, and conveying no right or interest whatever; nor can such deed or note be evidence of any indebtedness or obligation whatever."

It seems to us that the authorities above cited are sufficient to establish the position contended for by us, viz., that the deed to Iles was a nullity; that it conveyed no rights, was incapable of ratification, and could acquire no validity by the lapse of time, and could not be made the basis of any legal or equitable defense.

No brief for appellee has reached the hands of the Reporters.

McADOO, J.—The court below did not err in overruling the motion of plaintiff to strike out defendants' plea, that they were purchasers without notice.

If the deed from plaintiff to Iles was procured from the plaintiff by the infamous fraud and villainy alleged

in the plaintiff's petition, on a trial between them the deed would certainly, on proof of the allegations, be held to be absolutely null and void. But, as between the original parties, Iles's title is *prima facie* good, even as to them, and it could only be avoided by a suit, and a decree annulling and canceling the deed.

As the deed, on its face, imparted title in Iles, and the deed was on record and had stood on the record for years before the defendants purchased, their title was undoubtedly good, however fraudulent the deed to Iles may have been, if they purchased without notice. And it would have been error to have sustained the motion to strike out the plea of the defendants, setting up their innocent purchase, without notice.

We think the court did not err in refusing the special issue asked to be submitted to the jury.

The facts disclosed as to whether defendants requested Moore to purchase the land for them, and whether Moore knew of the condition of the title, were in evidence and were doubtless considered by the jury in making up their verdict on the issue submitted on the subject of notice.

The case seems to have been fairly tried on all the testimony offered, and the jury returned a verdict, we think, fully supported by the evidence.

The court before whom the cause was tried has refused a new trial, and however strong our sympathies may be in behalf of the plaintiff, we must adhere to the rule so well established in this court.

The judgment of the District Court must, therefore, be affirmed.

AFFIRMED.