Conclusions of Law: 1. Under the statute a married woman can convey her separate real estate by her husband joining therein, and she being privily examined separate and apart from her husband and making the proper acknowledgment. Rev. Stats., art. 4618. If she is a minor she becomes emancipated from the disability of minority by her marriage, and her rights as a married woman are not burdened in that respect by the minority of her husband. The statute, in requiring the husband to join her in the conveyance, makes no distinction between an adult husband and a husband under the disability of minority. As the statute makes no distinction, we do not feel authorized to make any. To do so would, in our opinion, be engrafting upon the statute an exception not authorized by any legitimate construction of the statute. We therefore conclude that a conveyance of real estate made by a married woman joined by her minor husband, and properly acknowledged by her, is valid and conveys her separate estate therein.
"2. A conveyance made by a client to an attorney, in the absence of unfairness or undue influence on the part of the attorney, will not be set aside simply for the reason that such a relation existed. The rule governing contracts between parties holding fiduciary relations is fully discussed by Finley, Chief Justice, in Goar v. Thompson, 47 Southwestern Reporter, 61. There it is held that where `fiduciary relation exists between parties to a transaction and the person occupying the position of influence or trust obtains an advantage thereby in the dealing had between them, the burden rests upon him to show its fairness when it is attacked for fraud by the other party. Under such conditions, equity indulges the presumption of unfairness, and requires proof at the hands of the party claiming the validity and benefits of the contract that it is fair and reasonable.' Applying this test to this cause, we are of the opinion that the evidence fully sustains the findings of the trial court to the effect that the transaction was fair and reasonable. The evidence shows that the transaction was fairly conducted on the part of appellee, Brooks, he paying a fair and full consideration for the land, *Page 336 
and there is no evidence that he used or attempted to use any undue influence in consummating the deal.
"3. The presence of Brooks when the privy examination of the wife was made by the officer did not vitiate her acknowledgment of the conveyance. He took no part in the examination, said or did nothing to induce her to make the acknowledgment, and the evidence is sufficient to warrant the conclusion that the deed was fully explained to her and that she understood the transaction at the time and willingly entered into it. She indorsed the note given by Brooks, evidently knowing for what it was executed. No complaint was made of the unfairness of the transaction until the purchase money had been squandered and she had married the second time. That she did not reap the benefit she should have done from the transaction was not the fault of Brooks, but was the fault of those whose duty it was to protect her interest, and for their conduct Brooks is not chargeable. The judgment is affirmed."