## FRIEND et al. v. McCOMB et al.
### No. 2792.

Court of Civil Appeals of Texas. Beaumont.
Nov. 14, 1935.

Rehearing Denied Nov. 27, 1935.

Merrill & Grinstead, of Houston, and Robert A. Sowder, of Lubbock, for appellants.

King, Wood & Morrow, of Houston, Foster & Williams, of Conroe, H. W. Carothers, of Houston, McComb, Marsh & Grogan and Pitts & Liles, all of Conroe, Jeff D. Farish and H. L. Nicholson, both of Houston, Munroe & Holt, of Waco, Weslow, Beadle & Mooney, of Houston, James & Conner and Smith & Smith, all of Fort

Worth, Beeman Strong, A. D. Moore, and Carl McLynn, all of Beaumont, John T. Garrison, of Houston, House, Wilson & House, of Dallas, Vinson, Elkins, Sweeton & Weems and John C. Townes, Jr., all of Houston, Dean & Humphrey, of Huntsville, and Andrews, Kelley, Kurth & Campbell, Sewell, Taylor, Morris & Garwood, and R. E. Seagler, all of Houston, for appellees.

WALKER, Chief Justice.

This was an action in trespass to try title by appellants, as the heirs of G. A. Friend and holding under him, to recover a half interest in the land described in the following instrument, less the two homestead tracts of 100 acres each, referred to in the instrument, and a third tract of 100 acres sold by Friend and Jones before the execution of this instrument:

"The State of Texas, County of Montgomery:

"Know all men by these presents: That we, G. A. Friend and O. L. Jones, of the County and State aforesaid, for and in consideration of professional services rendered us in the matter of protecting our title to the lands hereinafter mentioned and especially our homestead by W. P. McComb of said County and for the further consideration of the conveyance to us respectively, by said W. P. McComb, by deeds of even date herewith, of our said homestead tracts of land of one hundred acres each, free and cleared of the vendor's lien heretofore held against us on said land by our vendor's Atkinson and Verdiman, or Ellis, to whom said Vardiman had assigned one of our notes for the purchase money of the said lands hereinafter mentioned, have granted, bargained, sold, aliened, released and conveyed and by these presents do grant, bargain, sell, alienate, release and convey unto him the W. P. McComb, his heirs and assigns forever, all that certain tract or parcel of land out of the Northern portion of the Lemuel Smith ⅔ League survey situated on the waters of Crystal Creek in Montgomery County, Texas, and bounded and described as follows: The same being the 884 acres more or less purchased and acquired by us by two deeds of conveyance to-wit: The first from J. J. Vardiman of date December 6th, 1886, recorded in Book 8, pp. 80–81 of the Deeds Records of said Montgomery County, and the second from J. J. Vardiman and H. N. At-

kinson of date August 10th, 1887, each deed conveying an undivided one-half of said 884 acres and the same being the land released to said W. P. McComb by Q. A. Ellis and H. N. Atkinson, the owners and holders of our notes for the unpaid purchase money for said lands, which release is of date October 6th, 1893, and conveys to said W. P. McComb said notes and the vendor's lien on said land, together with all the rights and· title heretofore possessed by our vendors and their assigns the said eight hundred and eighty-four (884) acres being bounded and described as follows to-wit: (Here follows description of land conveyed.)

"To have and to hold the above described and designated premises together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining unto him, said W. P. McComb, his heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend the said premises unto him said W. P. McComb, his heirs or assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands this the 3rd day of November, A. D. 1893.

"G. A. Friend,
"O. L. Jones."

All of the appellees hold under this instrument, and their answer was by plea of not guilty, etc. On trial to the lower court without a jury, judgment was entered in favor of appellees, and conclusions of fact and law were filed in support of the judgment.

Appellants made no attack, by their pleadings, against the instrument in writing executed by their ancestor to McComb, but sought to avoid its effect on the following grounds: (a) By its terms it was a mortgage. This contention is denied. The instrument, by its affirmative recitations, was an absolute conveyance. (b) It was executed and delivered by the grantors and accepted by. McComb as a mortgage. Parol evidence was admissible on that issue; once a mortgage, always a mortgage, mere lapse of time could not convert it into an absolute conveyance of title. The trial court found this issue against appellants and the evidence fully supports his fact conclusions. Briefly stated, the evidence was as follows: Orig-

inally, Friend and Jones bought and paid for a half interest in the land conveyed by them to McComb. Subsequently they bought the remaining interest, giving therefor their vendor's lien notes. With these notes outstanding, they sold 100 acres to a third party by warranty deed. The holders of these notes brought suit in Coryell county for judgment and to foreclose the vendor's lien, pleading a vendor's lien against all the land. Friend and Jones employed W. P. McComb and his partner to answer that suit. Answer was filed pleading the facts as stated. After the answer was filed, McComb bought the notes from the holders and, after buying the notes, took from Friend and Jones the instrument in controversy copied above. On the day the instrument was executed and delivered to him, McComb deeded back to Friend and Jones their homesteads, as required by the terms of the instrument. The trial court found that $300 was a reasonable attorney's fee for the professional services rendered by McComb, referred to in the instrument. Friend and Jones are both dead. This instrument was not attacked from the date of its execution until shortly before this suit was filed, subsequent to 1932, after the discovery of oil on the land. McComb never made any claim against Friend and Jones for the payment of the attorney's fee or for the payment of the vendor's lien notes. All parties treated the notes and the attorney's fee as paid by the execution and delivery of the instrument in controversy. These facts support the trial court's conclusion that the instrument was executed and delivered by Friend and Jones to McComb as a deed, that is, as an absolute conveyance of the title. (c) Appellants' third point is that the instrument, being a conveyance by clients to their attorney, was absolutely void, not merely voidable, and, therefore, they were not required by their pleadings to make an issue of its validity. This contention is denied. A conveyance by a client to his attorney is not absolutely void, but merely voidable, and to strike it down the grantor must attack it by proper pleadings within the limitation period provided by statute for causes of action of that character. In Tippett v. Brooks, 95 Tex. 335, 67 S.W. 495, 512, 513, the court said: "A conveyance made by a client to an attorney, in the absence of unfairness or undue influence on the part of the attorney, will not be set aside

simply for the reason that such a relation existed."

In Deaton v. Rush, 113 Tex. 176, 193, 252 S.W. 1025, 1031, our Supreme Court said: "A deed obtained by fraud is not void but voidable only. As between the original parties Rush's title is prima facie good, and it could only be avoided by a suit and a decree annulling and canceling the deed. Cook v. Moore, 39 Tex. 255. The deed to Rush conveyed all of Mrs. Deaton's title."

In Cooper v. Lee, 75 Tex. 114, 12 S.W. 483, 486 (an attorney and client case), the Supreme Court said:

"If the transaction was fraudulent, Lee had a cause of action for its rescission, growing out of the transaction itself; and four years is the period prescribed by our statute within which such action shall be brought.

"It is a well-established rule in this state that fraud will prevent the running of the statute of limitations until it is discovered, or until, by the use of reasonable diligence, it might have been discovered. Kennedy v. Baker, 59 Tex. [150] 160." See, also, Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 225, 19 S.W. 472, 31 Am.St.Rep. 39; Holland v. Brown (Tex.Civ.App.) 66 S.W.(2d) 1095; Palmetto Lumber Co. v. Gibbs (Tex. Civ.App.) 52 S.W.(2d) 120.

As the deed was an absolute conveyance and not void, it constituted a bar to appellants' right of recovery. McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Gulf Production Co. v. Palmer (Tex.Civ.App.) 230 S.W. 1017; Palmetto Lumber Co. v. Gibbs (Tex.Civ.App.) 52 S.W.(2d) 120.

The lower court found that appellants, as plaintiffs, failed to establish title in their ancestor for the land in controversy; that McComb paid a valuable consideration for the land conveyed to him, in fact, more than it was worth; that he dealt in the utmost good faith with his clients in every element of the transaction. On oral argument appellants conceded that the facts found by the trial court on all controverted issues supported the judgment, unless the instrument in controversy was absolutely void. All conclusions of the lower court have been regularly attacked by appellants, but, as the judgment must be affirmed for the reasons already stated, we do not discuss the assignments attack-

ing the trial court's conclusions. To clear the record of all controverted issues, we say that, in our judgment, every fact conclusion of the lower court has satisfactory support in the statement of facts.

The judgment of the lower court is in all things affirmed.

## On Rehearing.

Appellants assign error that the original opinion filed in this cause does not correctly state their contentions; that their contentions may be stated in their own words, we quote as follows from their motion for rehearing:

"Appellants have not made the contention stated in the opinion of the Court, but they did and do contend:

"(a) That such purported deed, when read in connection with the assignment of October 6, 1893, therein referred to, and considered in the light of the facts disclosed by the record in the Coryell County case of Ellis vs. Friend and Jones, specifically mentioned and contracted about in said assignment, discloses on the face of the record such actual fraud and such violation of the rules of public policy respecting the conduct of attorneys as to render said instrument absolutely void and ineffectual as a conveyance; and,

"(b) That if said deed be voidable only and not void, it nevertheless constitutes no bar to Appellants' right of recovery in this action, for the reason that the facts disclosed by the instrument and its references are sufficient on the face of the record itself,

"1. To prevent said instrument having the effect of prima facie translating the title from the grantors to the grantee;

"2. To show that a right of defeasance existed in the grantors at the very time said instrument was executed and delivered; and,

"3. To obviate any necessity for a direct proceeding to set aside the instrument as a condition precedent to asserting title in opposition thereto."

■ Our conclusion of fact "McComb never made any claim against Friend and Jones for the payment of attorney's fees or for the payment of vendor's lien notes" has solid support in the statement of facts. As shown by the original opinion, this was an old transaction and, while there was no witness who testified that such claim was made or was not made, the whole record supports our conclusion—the nonclaim by McComb for the payment of the notes or attorney's fees; the nonclaim on appellants' part for the land; the language of the deed itself; every circumstance connected with the entire case supports the conclusion as made. Appellants' assignment on this point is overruled.

Beginning with the last call in the deed from G. A. Friend and O. L. Jones to W. P. McComb, we quote as follows: "Thence up said River with its meanders to the beginning corner, containing nine hundred and eighty-four (984) acres, more or less, less 100 acres conveyed to Dorris, less also 100 acres heretofore conveyed by us to Wiggins out of the East end of this 984 acres survey, leaving the amount hereby conveyed to said W. P. McComb, seven hundred and eighty-four (784) acres, more or less, he having heretofore as aforesaid, purchased all the right, title and interest of our vendors or their assigns, in and to said tract of land and as aforesaid as part of the consideration hereof, he is by deed of even date herewith to convey to each of us, one hundred (100) acres, for our homesteads, less and reserving the timber on same, out of said 784 acres."

A part of this description was inadvertently omitted from the original opinion and at appellants' request it is here inserted.

■ Appellants' motion for additional conclusions of law and fact is denied. The opinion clearly states the grounds upon which the judgment of the lower court is affirmed. All assignments made by appellants are assignments of law upon what they claim to be the undisputed testimony in the record. Assignments of this nature are available to appellants on their petition for writ of error without fact conclusions by this court.

The motion for rehearing and for additional fact conclusions is overruled except as reflected by this opinion on rehearing.