Matilda S. COLE, Appellant,

v.

M. W. PLUMMER, Appellee.

No. 5009.

Court of Civil Appeals of Texas, Eastland.

Rehearing Denied Nov. 10, 1977.

F. Warren Hicks, Houston, for appellant.

A. D. Downer, M. W. Plummer, Houston, for appellee.

WALTER, Justice.

Our opinion and judgment dated October 13, 1977 is withdrawn and the following opinion is rendered in lieu thereof.

Attorney M. W. Plummer recovered a judgment against Matilda Strambler Cole on an employment contract dated August 21, 1969 for ⅓ (One-Third) interest in Mrs.

Cole's land described in the judgment. Mrs. Cole has appealed.

Mrs. Cole alleged she was 71 years of age, uneducated and relied upon Plummer to deal fairly and honestly with her; Plummer had represented her in legal matters over a period of ten years; if she signed the contract, it was not explained to her and she did not understand she was employing him to represent her in filing a partition suit; she did not at any time agree to pay him ⅓ of her land for representing her; and she employed plaintiff to assist her in selling her land but no fee was agreed upon and she did not employ him to file a partition suit.

She further pleaded plaintiff did not properly represent her interest; there was no controversy as to the undivided interest the parties owned in the tract of land and no necessity for filing a partition suit; that at the time of the alleged contract, the relationship of attorney and client existed between the parties; that he did not advise her he was going to file a partition suit, the legal effects thereof and the costs involved; that at the time the suit was filed she owned 87/144ths interest in the land, E. A. Giesse owned 52/144ths interest, and Thomas Loud owned 5/144ths interest; and that the interest of the parties was admitted and there was no necessity for a lawsuit. She alleged she was forced to pay $1,341.06 in court costs and her total damages were $16,341.06. In addition to her damages, she sought cancellation of the contract and the removal of cloud from her title.

The jury found (1) Matilda Cole signed the contract of employment; (2) she intended to employ Plummer to file a partition suit to partition the land in Fayette County in which she owned an interest; (3) she understood she was agreeing to employ Plummer to file suit to partition the land at the time she signed the contract and she was agreeing to pay him an attorney's fee of ⅓ of the land; (4) a fee of ⅓ interest in her land was a reasonable fee for the necessary services Plummer was required to render; and (5) by filing the partition suit and obtaining a judgment Plummer performed

services that resulted in a benefit to Matilda Cole. The jury answered the "quantum meruit" issue in favor of Plummer for $25,000. They found A. D. Downer's services as an attorney for plaintiff in this case to be $3,500. The jury also found that Matilda S. Cole did not sustain any monetary damages as a result of Plummer handling the partition suit.

■ Plummer pleaded his contract of employment with Mrs. Cole which contained the following:

"WHEREAS, M. W. PLUMMER, has advised, assisted and performed legal services for the said undersigned for an extended period of time;"

Plummer testified substantially as follows:

I have practiced law in Houston about twenty-three years. Sometime about 1960 or 1962, I became acquainted with Mrs. Matilda Strambler Cole. In 1960 or 1962, I prepared a deed for her. Defendant's Exhibit No. 1 is the deed I prepared for Mrs. Cole which is dated March 15, 1962. After I prepared the deed, I represented Mrs. Cole in my professional capacity on or about the 20th of June, 1969. I talked to her and wrote a letter for her. The letter related to a question over some land that was in the general area of the land which is involved in this lawsuit. Mrs. Cole paid me for my services on June 20, 1969. During this conference, we discussed property Mrs. Cole had in La Grange. My conversation with Mrs. Cole was a continuous extension of earlier conversations we had relative to the land problem she had in La Grange.

I originally became acquainted with Mrs. Cole about ten years ago from a business standpoint. The first time Mrs. Cole came to see me was to prepare a deed or some deeds. Through the years up until I filed the partition suit on the property near La Grange, I did other legal work for her. I prepared a will for her. About 2 or 3 years before Mrs. Cole signed the contract, I had discussed the partition suit with her.

He was asked the following questions and he gave the following answers:

"Q Now wait a minute. I am not asking you what she had knowledge of. I am asking you did you explain to her what a partition suit was?

A At the time the contract was signed I did not explain to her what a partition suit was.

Q Did you at any time explain to her what a partition suit was?

A No, sir, I did not.

Q Insofar as you know she never knew you were going to file a partition suit as a partition suit in Fayette County, did she?

A No, sir.

Q You had been her attorney for some period of ten years, hadn't you?

A Yes, sir.

Q You knew she had confidence in you, didn't you?

A Yes, sir.

Q Notwithstanding that fact you didn't explain to her what you were going to do, did you?

A Yes, sir, I explained to her what I intended to do.

Q Did you tell her you were going to file a partition suit?

A No, sir."

We hold the relationship of attorney and client was established as a matter of law. McCormick & Ray, Texas Evidence § 1127 (2d ed. 1956).

In *Rankin v. Naftalis*, 557 S.W.2d 940 (Tex., 1977), the court said:

"The scope of a prior confidential relationship is broader when the defendant is a fiduciary such as an executor, administrator, guardian, attorney or partner. *Thigpen v. Locke, supra; Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786 (1938); Bogert, Trusts & Trustees § 481 (2d ed. 1960)."

In *Archer v. Griffith*, 390 S.W.2d 735 (Tex.1964), our Supreme Court said:

"Petitioner insists that the trial court erred in setting aside the deed because there is no evidence of any fraud in connection with its execution and delivery. It was stipulated by the parties that the relationship of attorney and client existed between petitioner and respondent when the deed was executed and delivered. That fact has an important bearing on the controversy. The relation between an attorney and his client is highly fiduciary in nature, and their dealings with each other are subject to the same scrutiny, intendments and imputations as a transaction between an ordinary trustee and his cestui que trust. 'The burden of establishing its perfect fairness, adequacy, and equity, is thrown upon the attorney, upon the general rule, that he who bargains in a matter of advantage with a person, placing a confidence in him, is bound to show that a reasonable use has been made of that confidence; a rule applying equally to all persons standing in confidential relations with each other.' Story, Equity Jurisprudence, 7th ed. 1857, § 311. This principle has always been recognized by the Texas courts. *Cooper v. Lee*, 75 Tex. 114, 12 S.W. 483; *Holland v. Brown*, Tex.Civ.App., 66 S.W.2d 1095 (writ ref.); *Bell v. Ramirez*, Tex.Civ.App., 299 S.W. 655 (writ ref.)."

The Supreme Court of Texas in the case of *Stephens County Museum v. Swenson*, 517 S.W.2d 257, where a fiduciary relationship existed between the Swenson sisters and their brother, held:

". . . Under such conditions, equity indulges the presumption of unfairness and invalidity, and requires proof at the hands of the party claiming validity and benefit of the transaction that it is fair and reasonable. Pomeroy, Equity Jurisprudence § 956 (5th Ed. 1941); *Archer v. Griffith*, 390 S.W.2d 735 (Tex.1965); *Cooper v. Lee*, 75 Tex. 114, 12 S.W. 483 (1889); see also *Tippett v. Brooks*, 28 Tex.Civ.App. 107, 67 S.W. 512, writ ref'd, 95 Tex. 335, 67 S.W. 495, 512 (1902) . . ."

After it is determined the relationship of attorney and client exists, the attorney has the burden of presenting evidence and securing a finding the confidential relationship was not breached. The

material issues are whether the attorney made reasonable use of the confidence placed in him and whether the employment contract was ultimately fair and equitable to the appellant. *Stephens County Museum v. Swenson, supra.*

■ The court refused to give the following special issues:

"Do you find from a preponderance of the evidence that M. W. Plummer in obtaining the employment contract made reasonable use of the confidence placed in him?"

"Do you find from a preponderance of the evidence that the terms of said employment contract were fair and equitable to Matilda Cole?"

"Do you find from a preponderance of the evidence that under the circumstances there was good faith effort on the part of M. W. Plummer to fully inform Matilda Cole the nature and effect of the filing of a partition suit?"

We hold the court erred in failing to submit the requested special issues. The judgment is reversed and because the case was not fully developed and in the interest of justice, the cause is remanded.

McCLOUD, C. J., not participating.