Jose F. OLIVARES, Appellant,

v.

STATE of Texas, Appellee.

No. 04–84–00339–CV.

Court of Appeals of Texas, San Antonio.

March 6, 1985.

Rehearing Denied June 10, 1985.

---

**2.** Neither the constitution nor the by-laws have been made a part of the record on appeal.

Jose F. Olivares, San Antonio, for appellant.

Jerry L. Zunker, Gen. Counsel, State Bar of Texas, Adele M. Winn, Atty. Gen., Austin, for appellee.

Before CADENA, C.J., and ESQUIVEL and BUTTS, JJ.

## OPINION

PER CURIAM.

■ Jose F. Olivares appeals from a judgment ordering his disbarment and prohibiting him from practicing law. The

record before us consists only of a transcript and supplemental transcript.[1]

■ Appellant argues the judgment of disbarment is void because Judge Joe E. Kelly, a retired district judge and presiding judge of the fourth administrative judicial district,[2] lacked "special jurisdiction" under the State Bar Act, TEX.REV.CIV.STAT. ANN. art. 320a–1 (Vernon Supp.1985), and, further, because the judgment fails to show that all other Bexar County district judges were not disabled or disqualified from sitting. We take judicial notice that Judge Kelly is a retired district judge who timely filed his election to continue in a judicial capacity as shown by the records of the Chief Justice of the Supreme Court of Texas. *See Herrod v. State,* 650 S.W.2d 814, 817 (Tex.Crim.App.1983).

A disbarment proceeding shall be heard by the district court in the county of the accused attorney's residence. TEX.REV. CIV.STAT.ANN. art. 313 (Vernon 1973) & art. 320a–1, § 15(a) & (b) (Vernon Supp. 1985). Appellant relies on article 12, section 22, of STATE BAR OF TEXAS, RULES AND CANONS OF ETHICS (1957) (repealed 1984) which provided that upon disqualification or recusal of the regular judge, the presiding judge shall appoint another district judge of that administrative judicial district to hear the case. The record fails to reflect disqualification or recusal of the regular judge. However, section 22 was repealed effective March 1, 1984, before the date of this trial. The State Bar Rules now provide that, on motion of either party, the judge shall recuse himself, and the presiding judge of this administrative judicial district shall request the assignment of a judge from another administrative judicial district. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS, art. X,

§ 20 (1984). We have no evidence of a motion for recusal from any party, or of any recusal of any judge. No violation of section 20 was urged at trial, and we find nothing in the record evincing a violation.

■ The presiding judge of the administrative judicial district has the authority to assign a qualified retired district judge to hear a case when the regular judge is absent, disabled, or disqualified; or if a vacancy develops; or even in instances when the regular judge is present. TEX. REV.CIV.STAT.ANN. art. 200a, § 5 (Vernon 1969) & § 5a (Vernon Supp.1985); TEX.REV.CIV.STAT.ANN. tit. 110B, § 42.-102(a)(3) (Vernon Supp.1985); *see Permian Corp. v. Pickett,* 620 S.W.2d 878, 880 (Tex. Civ.App.—El Paso 1981, writ ref'd n.r.e.). A district judge is authorized to hear any pending case in any of the courts when the presiding judge in a county having three or more courts so assigns him. *Tart v. State,* 642 S.W.2d 244, 246 (Tex.App.—Houston [14th Dist.] 1982, no pet.); TEX.REV.CIV. STAT.ANN. art. 200b, § 4(a) (Vernon Supp. 1985). A retired district judge who elects to continue in his judicial capacity is not a "special" judge, but is still a district judge. *Herrod v. State, supra; Permian Corp. v. Pickett, supra.* A retired judge continuing in his judicial capacity may therefore be assigned to any case. No formal order need be entered for a retired judge to preside over the case. *Crawford v. State,* 509 S.W.2d 582, 585 (Tex.Crim.App.1974). In the absence of a showing to the contrary, this court will presume that a retired district judge was properly assigned to preside over the trial. *Buchanan v. State,* 471 S.W.2d 401, 404 (Tex.Crim.App.1971), *cert. denied,* 405 U.S. 930, 92 S.Ct. 984, 30 L.Ed.2d 804 (1972); *Tart v. State, supra.*

---

**1.** Appellant's untimely motion for an extension of time to file a statement of facts was denied by this court. *See* TEX.R.CIV.P. 386; 21c. It is appellant's burden to timely file a statement of facts. *Hydro-Line Manufacturing Co. v. Pulido,* 674 S.W.2d 382, 386 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Elkins v. Auto Recovery Bureau,* 649 S.W.2d 73, 76 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); TEX.R.CIV.P. 413. The

record discloses the statement of facts was due on August 1, 1984, but no motion to extend time for filing same was tendered to the court until September 13, 1984.

**2.** The fourth administrative judicial district includes Bexar County, Texas.

■ Appellant argues that because one district judge in this case signed certain pre-trial orders, he is the proper judge to hear the case and that the case should not have been transferred from his court. A district judge is authorized to sign pre-trial orders for another district court in any county having three or more courts. *Tart v. State, supra;* TEX.REV.CIV.STAT. ANN. art. 200b, § 2 (Vernon Supp.1985). There is nothing in the record to indicate that the case was transferred to any other district court. We conclude that Judge Kelly properly presided over the trial of this case. Point of error one is overruled.

■ Appellant complains the trial court erred in overruling his three motions for continuance. The allegation in his first motion for continuance was that appellant required additional time to obtain the deposition of appellee's employees and appellant's clients. Apparently, no notices of intent to take oral depositions had been issued at that time. When a party seeks a continuance in order to obtain testimony, he must show due diligence. *Ray v. Ray,* 542 S.W.2d 209, 211–12 (Tex.Civ.App.—Tyler 1976, no writ); *Brown v. Gage,* 519 S.W.2d 190, 192–93 (Tex.Civ.App.—Fort Worth 1975, no writ). Appellant failed to demonstrate his due diligence in obtaining the depositions of any witnesses he might need. Further, it appears that appellant did not discharge his burden of discovery during the twelve-month period preceding the trial by attempting to depose the witnesses. *See Manges v. Astra Bar, Inc.,* 596 S.W.2d 605, 612–13 (Tex.Civ.App.—Corpus Christi 1980, no writ); *American Trendex Corp. v. Ultradyne Corp.,* 490 S.W.2d 205, 207 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). Under these circumstances the trial court did not abuse its discretion in denying the continuance.

■ In his second motion for continuance, appellant requested a two-week postponement in order that he might recover from an electrical shock he allegedly suffered on March 17th. The grant or denial of a continuance rests within the sound discretion of the trial court and will not be reversed unless a clear abuse of discretion is shown. The absence of counsel will not be a good cause for continuance unless the party shows that his failure to be represented at trial was not due to his own fault or negligence. *State v. Crank,* 666 S.W.2d 91, 94 (Tex.1984); *Gendebien v. Gendebien,* 668 S.W.2d 905, 907–08 (Tex. App.—Houston [14th Dist.] 1984, no writ); TEX.R.CIV.P. 251 & 253. Further, the party must accompany his motion for continuance with a supporting affidavit. TEX. R.CIV.P. 251.

■ While appellant did attach his own affidavit of the facts, he had no supporting affidavit from medical personnel stating it was impossible, from a medical standpoint, for him to appear in court on March 19th. *See Green v. State,* 589 S.W.2d 160, 163 (Tex.Civ.App.—Tyler 1979, no writ); *Burke v. Scott,* 410 S.W.2d 826, 827 (Tex.Civ.App. —Austin 1967, writ ref'd n.r.e.). In the absence of a supporting affidavit that it would endanger appellant's health to appear in court, we cannot say the trial court abused its discretion. The trial court did postpone the trial until that afternoon to allow appellant time to obtain a medical statement. Such a statement was not forthcoming, even as late as appellant's third motion for continuance.

■ With his third motion for continuance appellant requested a continuance to enable the court reporter to transcribe the proceedings held during his absence on the first day of trial (or, alternatively, to allow him to listen to the court reporter's tape recording of the proceedings). No ruling on this motion appears in the transcript, however. Appellant still failed to present the trial court with a medical affidavit to support his excuse for being absent from the trial at that time. We find the trial court did not abuse its discretion in failing to grant the third motion for continuance. *See State v. Crank, supra; Gendebien v. Gendebien, supra.* The point of error is overruled.

In his third point of error, appellant makes several contentions.[3] He first complains the action of the grievance committee is not authorized because the committee interfered with appellant's contract rights and had no authoritative standing to assert the clients' contract rights under *Archer v. Griffith,* 390 S.W.2d 735 (Tex. 1964). The grievance committee is created and exists to investigate wrongdoing by a member of the Bar and to institute disciplinary actions when warranted. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. II, § 3 and art. X, § 4(D) (1984). The grievance committee instituted a disciplinary action against appellant alleging appellant's professional misconduct relative to a contract which he caused his clients to sign. In this disciplinary action the committee does not seek to assert the clients' rights in the contract, but seeks to prosecute violations of the State Bar Rules. Moreover, its pleading requests disciplinary action for more than one violation of the disciplinary rules.

Appellant next complains of the sufficiency of the evidence concerning the allegation that a $500.00 fee was to be the total amount for his services. He also complains the trial court failed to submit a special issue on it. We have no statement of facts and, therefore, cannot address this issue. *Williams v. Capitol County Mutual Fire Insurance Co.,* 594 S.W.2d 558, 560 (Tex.Civ.App.—Fort Worth 1980, no writ); *Roberson Farm Equipment Co. v. Hill,* 514 S.W.2d 796, 802 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.).

Appellant next urges the original petition fails to state a cause of action because it does not allege that the employment contract was ultimately not fair and equitable to the clients, relying on *Cole v. Plummer,* 559 S.W.2d 87 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). *Plummer* is not applicable to the issues in this case. In *Plummer,* an attorney brought suit to enforce a client employment contract. The court held the trial court erred in refusing to submit to the jury a special issue asking whether the terms of the employment contract were fair and equitable.

The petition in the instant case alleges the contract called for an excessive fee. It is not necessary to allege that "under all circumstances, the employment contract was ultimately not fair and equitable to the clients" in addition to the allegation that the fee was excessive. Even were the failure to submit the special issue error, it is harmless. Error is not reversible unless appellant shows that it was calculated to and probably did cause rendition of an improper judgment. *Francis v. Stanley,* 574 S.W.2d 629, 633 (Tex. Civ.App.—Fort Worth 1978, no writ); *Seureau v. Mudd,* 515 S.W.2d 746, 750 (Tex. Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.); TEX.R.CIV.P. 434. Appellee alleged, and received, favorable jury findings that appellant obtained his clients' signatures on the contract by his fraudulent conduct and that he lied to his clients about the content of what they were signing in order to obtain their signatures. The jury further found that appellant lied under oath while testifying before the grievance committee. These answers also support the judgment.

Appellant further argues in the same point of appeal that the trial court erred in denying a motion for partial summary judgment. He bases this on the fact that the clients' later signed an agreed judgment in their original lawsuit, thereby removing all issues of fact that the clients were illiterate and read or spoke no English. That judgment is not before this court. Further, the fact the clients signed an agreed judgment is no proof of their literacy. Additionally, a search of the record reveals no action by the trial court on the motion for partial summary judgment. There is nothing to review.

---

**3.** Failure to comply with the requirements of TEX.R.CIV.P. 418(d) and (e) is marked in this case. Because of the nature of the proceedings, however, we reviewed the arguments in a liberal manner. This is not an expression of this court's approval of the form of brief.

**492**

Appellant in the same point of error states the trial court erred in failing to grant his motion for judgment notwithstanding the verdict because the jury failed to find the clients are illiterate or do not read or speak English. He makes no argument and cites no authority and has therefore waived appellate review. *Gulf Oil Corp. v. Williams*, 642 S.W.2d 270, 273 (Tex.App.—Texarkana 1982, no writ); *Dacus v. Grimes*, 624 S.W.2d 298, 300 (Tex.Civ.App.—Tyler 1981, no writ). Moreover, a search of the record fails to disclose a motion for judgment n.o.v. We note the jury found the clients entered into the contract as the result of the fraudulent conduct of appellant. The trial court may submit special issues broadly. TEX.R.CIV.P. 277. Further, appellant made no objection to the omission of the issue. TEX.R.CIV.P. 279.

In his reply brief appellant argues special issues one and four, inquiring whether appellant lied to his clients concerning the content of the contract and whether he obtained their signatures through fraudulent conduct, are not supported by the pleadings. We find the petition sufficiently supports the special issues in the allegations that appellant obtained the clients' signatures on the contract by telling them it was a pleading. *See* SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9 (Code of Professional Responsibility) DR 1–102(A)(4), (5), (6) (1973). The argument is without merit.

Appellant complains the trial court defined "fraudulent conduct" but not "fraud." The trial court has considerable discretion in determining the necessary and proper instructions. The only requirement is that it must define legal and technical terms. *Johnson v. Whitehurst*, 652 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The definition given by the court is reasonably clear and enables the jurors to understand the phrase. The trial court did not err. *See D.W.L. v. M.J.B.C.*, 601 S.W.2d 475, 478 (Tex.Civ.App.—Houston [14th Dist.] 1980,

writ ref'd n.r.e.). Furthermore, this is not a suit to enforce or construe a contract. The question concerns appellant's professional misconduct in obtaining the clients' signatures. The instruction, as well as the special issues, are sufficient. All contentions in point of error three are overruled.

The judgment of the trial court is affirmed.