

# NUMBER 13-08-00025-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JENNIFER LYNN McFALL VILLARREAL,                              Appellant,

v.

STEVEN VILLARREAL,                              Appellee.

### On appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellee, Steven Villarreal, filed suit to dissolve his marriage to pro se appellant, Jennifer Lynn McFall Villarreal. By one issue, Jennifer appeals the trial court's denial of her motion for continuance. We affirm.

## I. Background

Steven filed his original petition for divorce on March 15, 2007. On October 17, 2007, the trial court set the final hearing for December 5, 2007.

On December 3, 2007, Jennifer filed a motion for continuance asserting that, "based on medical reasoning," she "had not had proper time frame to prepare for the pre-trial date set forth on December 5, 2007." In support of her motion, Jennifer attached the following exhibits: (1) a hospital discharge form showing that she was admitted to the hospital on November 25, 2007, and discharged on November 27, 2007; and (2) a document signed by Joe S. Cisneros, M.D., providing that on November 27, 2007, Jennifer was seen in his office and that she would not be able to return to work "until further notice." Additionally, in a section for comments, Dr. Cisneros wrote "unable to work," "bed rest," and "till further notice." Although Jennifer did not request a hearing on her motion for continuance, at the December 5 hearing, she informed the trial court that she was not ready because she had not had time to prepare due to hospitalizations for various reasons. The trial court proceeded to hear evidence and granted the divorce.

## II. Standard of Review And Applicable Law

A trial court's decision to deny a motion for continuance will not be disturbed absent a showing that it clearly abused its discretion. *BMC Software Belg., N.V. v. Merchand*, 83 S.W.3d 789, 800 (Tex. 2002) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)); *Ngo v. Ngo*, 133 S.W.3d 688, 692-93 (Tex. App.–Corpus Christi 2003, no pet.). The trial court shall not grant a motion for continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. We

presume that the trial court did not abuse its discretion in denying the motion for continuance if the movant fails to provide an affidavit in support of the motion. *Villegas*, 711 S.W.2d at 626.

### III. ANALYSIS

By her sole issue, Jennifer contends that she had sufficient cause for a continuance.[1] However, Jennifer's motion for continuance was not verified or supported by affidavit. *See* TEX. R. CIV. P. 251. Because Jennifer did not comply with the affidavit requirement of rule 251, it is presumed that the trial court did not abuse its discretion in denying the motion. *See Villegas*, 711 S.W.2d at 626; *see also Hawthorne v. Guenther*, 917 S.W.2d 924, 930 (Tex. App.–Beaumont 1996, writ denied) (explaining that if a party is unavailable because of illness, the party must attach an affidavit from a doctor); *Olivares v. State*, 693 S.W.2d 486, 490 (Tex. App.–San Antonio 1985, writ dism'd) (per curiam) ("In the absence of a supporting affidavit [from medical personnel] that it would endanger appellant's health to appear in court, we cannot say the trial court abused its discretion.").

Jennifer also alleges that sufficient cause was shown because, in her motion, she stated that she did not have enough time to prepare for the trial due to medical reasons. However, "denial of a motion for continuance based on a lack of time to prepare for trial will not be found an abuse of discretion." *See Hatteberg v. Hatteberg*, 933 S.W.2d 522,

---

[1] Jennifer also generally complains that Steven's testimony was false and constituted inadmissible hearsay, the social study was incomplete, and the trial court erroneously admitted emails she allegedly sent to Steven. Because Jennifer has not provided a clear and concise argument with citations to authority and to the record with respect to these arguments, we conclude that they are inadequately briefed. *See* TEX. R. APP. P. 38.1(h). Therefore, we have nothing to review. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied) ("A point of error unsupported by citation of any legal authority presents nothing for the court to review."); *Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1996, writ denied) ("Although courts generally construe the briefing rules liberally, a point of error unsupported by the citation of any authority presents nothing for this Court to review.").

527 (Tex. App.–Houston [1st Dist.] 1994, no writ).  Therefore, we conclude that the trial court did not abuse its discretion in denying Jennifer's motion for continuance.

We overrule Jennifer's sole issue.

### IV.  CONCLUSION

We affirm.


NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 21st day of August, 2008.