NUMBER 13-08-00025-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JENNIFER LYNN McFALL VILLARREAL, Appellant,


v.
 


STEVEN VILLARREAL, Appellee.

 


On appeal from the 197th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellee, Steven Villarreal, filed suit to dissolve his marriage to pro se appellant,
Jennifer Lynn McFall Villarreal. By one issue, Jennifer appeals the trial court's denial of
her motion for continuance. We affirm.


I. Background

 Steven filed his original petition for divorce on March 15, 2007. On October 17,
2007, the trial court set the final hearing for December 5, 2007.

 On December 3, 2007, Jennifer filed a motion for continuance asserting that, "based
on medical reasoning," she "had not had proper time frame to prepare for the pre-trial date
set forth on December 5, 2007." In support of her motion, Jennifer attached the following
exhibits: (1) a hospital discharge form showing that she was admitted to the hospital on
November 25, 2007, and discharged on November 27, 2007; and (2) a document signed
by Joe S. Cisneros, M.D., providing that on November 27, 2007, Jennifer was seen in his
office and that she would not be able to return to work "until further notice." Additionally,
in a section for comments, Dr. Cisneros wrote "unable to work," "bed rest," and "till further
notice." Although Jennifer did not request a hearing on her motion for continuance, at the
December 5 hearing, she informed the trial court that she was not ready because she had
not had time to prepare due to hospitalizations for various reasons. The trial court
proceeded to hear evidence and granted the divorce. II. Standard of Review And Applicable Law

 A trial court's decision to deny a motion for continuance will not be disturbed absent
a showing that it clearly abused its discretion. BMC Software Belg., N.V. v. Merchand, 83
S.W.3d 789, 800 (Tex. 2002) (citing Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986)); 
Ngo v. Ngo, 133 S.W.3d 688, 692-93 (Tex. App.-Corpus Christi 2003, no pet.). The trial
court shall not grant a motion for continuance "except for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. We
presume that the trial court did not abuse its discretion in denying the motion for
continuance if the movant fails to provide an affidavit in support of the motion. Villegas,
711 S.W.2d at 626.III. Analysis

 By her sole issue, Jennifer contends that she had sufficient cause for a
continuance. (1) However, Jennifer's motion for continuance was not verified or supported
by affidavit. See Tex. R. Civ. P. 251. Because Jennifer did not comply with the affidavit
requirement of rule 251, it is presumed that the trial court did not abuse its discretion in
denying the motion. See Villegas, 711 S.W.2d at 626; see also Hawthorne v. Guenther,
917 S.W.2d 924, 930 (Tex. App.-Beaumont 1996, writ denied) (explaining that if a party
is unavailable because of illness, the party must attach an affidavit from a doctor); Olivares
v. State, 693 S.W.2d 486, 490 (Tex. App.-San Antonio 1985, writ dism'd) (per curiam) ("In
the absence of a supporting affidavit [from medical personnel] that it would endanger
appellant's health to appear in court, we cannot say the trial court abused its discretion.").

 Jennifer also alleges that sufficient cause was shown because, in her motion, she
stated that she did not have enough time to prepare for the trial due to medical reasons. 
However, "denial of a motion for continuance based on a lack of time to prepare for trial
will not be found an abuse of discretion." See Hatteberg v. Hatteberg, 933 S.W.2d 522,
527 (Tex. App.-Houston [1st Dist.] 1994, no writ). Therefore, we conclude that the trial
court did not abuse its discretion in denying Jennifer's motion for continuance.

 We overrule Jennifer's sole issue.

IV. Conclusion

 We affirm.


 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 21st day of August, 2008.


1. Jennifer also generally complains that Steven's testimony was false and constituted inadmissible
hearsay, the social study was incomplete, and the trial court erroneously admitted emails she allegedly sent
to Steven. Because Jennifer has not provided a clear and concise argument with citations to authority and
to the record with respect to these arguments, we conclude that they are inadequately briefed. See Tex. R.
App. P. 38.1(h). Therefore, we have nothing to review. See Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.
App.--Amarillo 2003, pet. denied) ("A point of error unsupported by citation of any legal authority presents
nothing for the court to review."); Richard v. Cornerstone Constructors, Inc., 921 S.W.2d 465, 469 (Tex.
App.--Houston [1st Dist.] 1996, writ denied) ("Although courts generally construe the briefing rules liberally,
a point of error unsupported by the citation of any authority presents nothing for this Court to review.").