**Elizabeth SORRELL, Appellant,**

v.

**William R. ELSEY and Douglas Terry Elsey, Appellees.**

No. 04–87–00008–CV.

Court of Appeals of Texas, San Antonio.

March 31, 1988.

Rehearing Denied May 11, 1988.

Don W. Kothman, James A. Vaught, Douglas D. Hearne, Austin, for appellant.

Randall B. Richards, Scott Campbell, Boerne, for appellees.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

The motion for rehearing is denied. The motion for rehearing en banc is denied. However, our opinion of February 17, 1988 is withdrawn and replaced with the following opinion.

This is an appeal from a take nothing judgment where appellant Elizabeth Sorrell sued appellees William R. Elsey and Douglas Terry Elsey to set aside, cancel and rescind a certain deed executed by Sorrell to the Elseys. The cause of action, which was tried to the court, was based among other things on breach of a fiduciary duty. Findings of fact and conclusions of law were requested and filed. We reverse and remand.

Several points of error are assigned, but because of our holding as to the first point of error, we will not address the remaining complaints. TEX.R.APP.P. 90(a).

In the first point of error, Sorrell contends that the Elseys failed to satisfy their burden of presenting evidence and securing a finding that the confidential or fiduciary relationship was not breached.

■ It is uncontradicted and the court found that a confidential or fiduciary relationship existed between Sorrell, the aunt, and the Elseys, her nephews by her deceased husband. "When persons enter into fiduciary relations each consents, as a matter of law, to have his conduct towards the other measured by the standards of the finer loyalties exacted by courts of equity. That is a sound rule and should not be whittled down by exceptions." *Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786, 788 (1938). Even in the case of a gift, in transactions involving parties with a fiduciary relationship,

[E]quity indulges the presumption of unfairness and invalidity, and requires proof at the hand of the party claiming validity and benefits of the transaction that it is fair and reasonable. Pomeroy, *Equity Jurisprudence* § 956 (5th ed. 1941); *Archer v. Griffith*, 390 S.W.2d 735 (Tex.1965); *Cooper v. Lee*, 75 Tex. 114, 12 S.W. 483 (1889); *see also Tippett*

v. *Brooks,* 28 Tex.Civ.App. 107, 67 S.W. 512, writ ref'd, 95 Tex. 335, 67 S.W. 495, 512 (1902).

*Stephens County Museum, Inc. v. Swenson,* 517 S.W.2d 257, 260 (Tex.1974).

■ Under these circumstances, the burden cast upon the party claiming validity of the transaction not only includes presenting evidence but securing findings of the "material issues—those being whether [the validity claiming party] had made reasonable use of the confidence placed in him and whether the transactions were ultimately fair and equitable to [the complaining party]." *Stephen County Museum, Inc. v. Swenson,* 517 S.W.2d at 261; *Cole v. Plummer,* 559 S.W.2d 87, 90 (Tex.Civ. App.—Eastland 1977, writ ref'd n.r.e.).

■ Whether the complaining party in a fiduciary transaction understood the transaction in question is not the critical issue. Rather, the "conduct as a fiduciary" of the validity claiming party is the critical aspect which coincides with the special burden placed upon him by the presumption of invalidity. In particular, "a determination of whether there was under the circumstances a good faith effort on the part of [the validity claiming party] to fully inform [the complaining party] of the nature and effect of the transactions" is critical in deciding whether there was a breach of the fiduciary duty. *Stephen County Museum, Inc. v. Swenson, supra.* In *Cole v. Plummer,* the court reversed and remanded for fuller development when the following issues were not submitted to the jury:

Do you find from a preponderance of the evidence that M.W. Plummer in obtaining the employment contract made reasonable use of the confidence placed in him?

Do you find from a preponderance of the evidence that the terms of said employment contract were fair and equitable to Matilda Cole?

Do you find from a preponderance of the evidence that under the circumstances there was good faith effort on the part of M.W. Plummer to fully inform Matilda

Cole the nature and effect of the filing of a partition suit?

*Cole v. Plummer,* 559 S.W.2d at 90.

■ Under fiduciary circumstances, a claim that a transaction was adopted by the execution of a document in conjunction therewith does not preclude an inquiry into the fairness of the entire transaction and the imposition of the fiduciary burdens. *Archer v. Griffith,* 390 S.W.2d at 739, 740.

After the death of her husband, Sorrell, age 72, possessed an undivided one-half interest in a valuable 640 acre piece of property. It is undisputed that a fiduciary relationship was created between Sorrell and the Elseys, which resulted in Douglas Elsey becoming the administrator of the estate of Sorrell's husband. During the probating of the estate, Sorrell's signature was obtained on a deed under questionable circumstances, conveying to the Elseys all her interest in the 640 acre tract for "$10.00 and other good and valuable consideration." Sorrell in fact received only $10.00 in cash. The Elseys contended the conveyance was a valid gift, and was adopted by Sorrell. Sorrell contended she was taken advantage of and was unaware she had signed a deed conveying to the Elseys all her interest in the tract of land. Sorrell sought to set aside the deed primarily based on lack of consideration and inadequate consideration. Therefore, the Elseys had the burden of presenting evidence and securing findings that they made reasonable use of the confidence placed in them, and that the deed was fair and equitable to Sorrell under the circumstances. In conjunction therewith, the Elseys were also required to obtain findings that they made good faith efforts to fully inform Sorrell of the nature and effect of the deed she signed.

■ The Elseys contend that the trial court's findings of fact satisfy the elements required as to "the issues of good faith, informed understanding and voluntariness." They further contend that under TEX.R.CIV.P. 299, the omitted elements should be presumed. They rely on the following court findings of fact:

C. Plaintiff made the gift freely, voluntarily and with a full understanding of the facts, and Defendants acted in good faith.

TEX.R.CIV.P. 299 provides for presumed omitted elements of recovery or defense, if "one or more elements thereof have been found by the trial court," and if the omitted elements are "supported by [the] evidence." We must then determine if one or more of the required elements were found by the court, as alleged by the Elseys.

Initially, we note that the Elseys have failed to comply with TEX.R.APP.P. 74. The rule places the burden on the Elseys to set out clearly which elements have been found by the court, which elements have been omitted, and where in the record the omitted findings are supported by the evidence. By merely stating the court finding satisfied the elements required as to "the issues of good faith, informed understanding and voluntariness" is not sufficient to advise this Court that a particular element has been found by the trial court. It also certainly does not advise this Court of what elements are omitted or where the record supports the alleged omitted findings. We must therefore, struggle to guess which elements fall where.

Obviously, the court finding does not specifically find that the Elseys made reasonable use of the confidence placed in them, or that the deed was fair and equitable to Sorrell under the circumstances. It likewise does not specifically find that the Elseys made good faith efforts to fully inform Sorrell of the nature and effect of the deed she signed. As in *Stephen County Museum,* the understanding of the facts by Sorrell is not a critical element. What is critical is the conduct of the Elseys to make a good faith effort to fully inform Sorrell not only of the facts, but the consequences, that is the nature and effect of the deed she signed. That the Elseys "acted in good faith" does not necessarily mean that they made a good faith effort to fully inform Sorrell of the consequences, that is the nature and effect of the deed she signed.

In describing the "much higher standard for measuring conduct" of a fiduciary, the Texas Supreme Court stated:

As forcefully and tersely put by Mr. Justice Cardoza in *Meinhard v. Salmon,* 249 N.Y. 458, 164 N.E. 545, 546, 62 A.L.R. 1, ' * * * Not honesty alone, but the *punctilio of an honor* the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. *Uncompromising rigidity* has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the "disintegrating erosion" of particular exceptions. * * *'

When persons enter into fiduciary relations each consents, as a matter of law, to have his conduct towards the other measured by the standards of the finer loyalties exacted by courts of equity. That is a sound rule and should not be whittled down by exceptions. ... [M]ischief would result more often from engrafting exceptions upon the general rule than from a *strict adherence thereto.* (Emphasis added.)

*Johnson v. Peckham,* 120 S.W.2d at 788.

Our review of the law pertaining to fiduciary transactions does not justify liberal interpretations in favor of the validity claiming party. In this case, even an extremely liberal interpretation of the court finding could not stretch it to encompass one of the elements required by the Elseys' burden. We hold that the Elseys failed to secure any of the required findings and Rule 299 is therefore not applicable.

Further, even if a liberal interpretation were permissible to stretch the alleged court finding to such an extent as to include a required element, Rule 299 would still not be applicable. In order to presume the omitted findings, it would be necessary that the omitted findings be "supported by [the] evidence." The Elseys necessarily rely heavily on the concept that the deed transaction was a "gift." This is so because by the deed in question, Sorrell relinquished all her interest in an extremely valuable property for $10.00 in cash, and it would be impossible without the gift con-

tention for the evidence to support an omitted finding that the deed transaction was fair and equitable to Sorrell. This gift contention however, fails for several reasons.

■ "A gift is a transfer of property made voluntarily and gratuitously." *Hilley v. Hilley,* 161 Tex. 569, 342 S.W.2d 565, 569 (1961). "Consideration precludes the idea of a gift." *Williams v. McKnight,* 402 S.W.2d 505, 508 (Tex.1966). Where part of the consideration is paid as consideration and not gratuitously, "[i]t [is] therefore not a gift, as a matter of law." *Bradley v. Bradley,* 540 S.W.2d 504, 511 (Tex. Civ.App.—Fort Worth 1976, no writ).

In this record, the deed signed by Sorrell stated:

> That I, ELIZABETH SORRELL, a widow, of Blanco County, Texas, for and in consideration of TEN AND NO/100 ($10.00) DOLLARS and other good and valuable consideration to me in hand paid by WILLIAM R. ELSEY and DOUGLAS TERRY ELSEY, the receipt of which is hereby acknowledged and confessed ...

The record further reflects that William Elsey actually paid Mrs. Sorrell $10.00 in cash several days after the deed was executed because he was told by his mother that he "owed Mrs. Sorrell ten dollars." William Elsey testified he then walked up to Sorrell and said "I understand I'm supposed to pay you ten dollars" and paid her the cash. Nothing in the record suggests that the $10.00 paid was anything but part of the consideration mentioned in the deed. However, we need not decide whether this gift contention fails as a matter of law, or as unsupported by the evidence because it nevertheless violates TEX.R.CIV.P. 94.

■ TEX.R.CIV.P. 94 requires that all affirmative defenses be plead by the party defending. Included in affirmative defenses are "any other matter constituting an avoidance." In reference to the application of Rule 94, the Supreme Court said:

> The rule by which we have been guided in reaching our conclusion was announced by this court in *W.L. Moody &*

*Co. v. Rowland,* 100 Tex. 363, 99 S.W. 1112, 1115 (1907), as follows:

> 'The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, *under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition,* and to rebut evidence offered by the plaintiff. *If a defendant desires to introduce evidence of a fact which* does not tend to rebut the facts of the plaintiff's case, but which *show[s] an independent reason why the plaintiff should not recover upon the case stated* and proved, *then such defendant must plead the facts which will avoid the legal consequence of plaintiff's case,* else the testimony will not be admissible * * *.'

*Moulton v. Alamo Ambulance Service, Inc.,* 414 S.W.2d 444, 448 (Tex.1967). A contention by a defendant that plaintiff's cause of action is valid but not recoverable because it was done " 'gratuitously' is one in confession and avoidance, and is a special defense; to be available to [the defendant] it must have been plead. Rule 94, Texas Rules of Civil Procedure." *Kramer v. Wilson,* 226 S.W.2d 675, 677 (Tex.Civ. App—Fort Worth 1950, writ ref'd n.r.e.).

■ In the case before us, the Elseys asserted that the allegations of Sorrell that there was no consideration or inadequate consideration for the execution of the deed were true, but that Sorrell could not prevail because the deed transaction was a gift and no consideration was required. In so doing, the Elseys were attempting to "show an independent reason why the plaintiff should not recover upon the case stated and proved." As such, the Elseys "must plead the facts which will avoid the legal consequences of [Sorrell's] case." We hold that under these circumstances a plea that a deed was a gift and did not require consideration is a matter constituting an avoidance and is an affirmative defense. "[A]n affirmative defense ..., in the absence of trial by consent, is waived if not affirmatively pleaded (sic)." *Petrole-*

um Anchor Equipment, Inc. v. Tyra, 419 S.W.2d 829, 835 (Tex.1967).

The record reflects that the Elseys' pleadings make no mention that the transaction was a "gift" or that no consideration was required. Further, Sorrell objected to the introduction of evidence supporting this affirmative defense, and thus preserved error and prevented trial by consent. The record further does not reflect that a trial amendment was requested or filed regarding the gift contention. Appellant cannot on appeal raise a new affirmative defense and expect this reviewing court to grant him relief on a new and independent affirmative defense that never has been plead nor has been tried by consent. Petroleum Anchor Equipment, Inc. v. Tyra, supra; TEX.R.CIV.P. 94 and 301.

Therefore, the judgment is reversed and the cause remanded to permit the case to be fully developed.