ACCEPTED
04-14-00110-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/19/2015 8:06:08 PM
KEITH HOTTLE
CLERK

NO. 04-14-00110-CV

IN THE COURT OF APPEALS FOR THE
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/19/2015 8:06:08 PM
KEITH E. HOTTLE
Clerk

MARY MOCZYGEMBA,

Appellant,

v.

THOMAS J. MOCZYGEMBA and HARRY LEE MOCZYGEMBA,

Appellees.

_____

APPELLANT'S MOTION FOR EN BANC RECONSIDERATION

_____

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

MARY MOCZYGEMBA, Appellant, files this Motion under Rule 49 Tex. R. App. P.

Appellant's Motion for Rehearing was denied on May 4, 2015. The opinion in this case holds that deeds to a fiduciary by a beneficiary of the fiduciary relationship are not evidence of an objectively verifiable injury. Appellant believes that en banc reconsideration is vital here because the opinion: 1) impairs well-established Texas fiduciary law; 2) creates confusion in the law because it contradicts previous opinions of this Court without explanation; and 3) creates a dangerous precedent in the jurisprudence of elder abuse.

1

### This Court Erred By Repudiating the Cardinal Rule That Transactions between a Fiduciary and a Beneficiary Are Presumptively Fraudulent and Tortious

Unquestionably, the three deeds at issue in this case constituted transactions between Appellant and her fiduciaries. Unquestionably, the three transactions were objectively verifiable, because they are themselves specific documents.[1] Transactions between a fiduciary and the beneficiary of the fiduciary relationship are "**presumptively fraudulent**." *Jordan v. Lyles*, -- S.W.3d --, 2015 WL 393791 *4 (Tex.App.-Tyler 2015, no pet.); *Lesikar v. Rappeport*, 33 S.W.3d 282, 298 (Tex.App.-Texarkana 2000, pet. denied); *Chien v. Chen*, 759 S.W.2d 484, 495 (Tex.App.-Austin 1988, no writ).

However, this Court repudiated the well-settled rule that the deeds are presumptively fraudulent when it erroneously held the following:

> While the deeds are evidence that Mary's mineral interests passed to her sons, they are not evidence that the mineral interests were wrongfully transferred to her sons…. we cannot conclude that the mere transfer of mineral interests necessarily equates to Mary having suffered from a wrongful transfer of her property.

[Op., at 11].

This Court's erroneous holding above also repudiated the well-established "presumption of unfairness" of "transactions between a fiduciary and a party to whom the fiduciary owes its duties." *Porter v. Denas*, 2006 WL 1686515 *5

---

[1] *Polk Mechanical Co., LLC v. Jones*, 2009 WL 1900414 *4 (Tex.App.-San Antonio 2009, pet. denied) (not for publication).

(Tex.App.-San Antonio, pet. denied) (not for publication); *Lee v. Hasson*, 286 S.W.3d 1, 21 (Tex.App.-Houston [14th Dist.] 2007, pet. denied); *Miller v. Miller*, 700 S.W.2d 941, 946 (Tex.App.-Dallas 1985, writ ref'd n.r.e.).

The common law deems the deeds to be injurious to Appellant, in and of themselves, subject to rebuttal proof by Appellees of "the fairness of the transaction." *Porter* at *5. Because this Court made no mention of any evidence showing the fairness of the deeds to Appellant (and, in fact, did not even mention the legal concept of "fairness"), the effect of the above presumptions stand, and the deeds are fraudulent and tortious by default. The only way this Court could conclude that these deeds do not provide objectively verifiable evidence of the injury, is to repudiate these long-standing presumptions.

**This Court Erred by Focusing on the Beneficiary's Intent While Ignoring The Fairness of the Transactions to the Beneficiary**

This Court ignored the issue of the fairness of the transactions and based its opinion solely on the allegedly unexpressed intent of Appellant:

> Mary herself testified that she wanted to transfer her property to her sons at a price lower than market value because they were her sons and they were helping her. … Mary agrees that at the time of the transfer of the property, there were no discussions about the mineral interests because she never thought about the mineral interests.

[Op., at 11]. Texas case law, however, is clear that the determination of injury resulting from a transaction between a fiduciary and the beneficiary of the fiduciary relationship focuses solely on the fairness of the transaction, and the

3

beneficiary's intent in the transaction is not determinative (and generally not even relevant). In *Kirkpatrick v. Cusick*, 2013 WL 6730049 *6 (Tex.App.-Corpus Christi 2013, pet. denied), the court of appeals held that the fiduciaries had failed to meet their burden of proving the fairness of their survivorship account transaction with the beneficiary of their fiduciary duties, and further that:

> even if [the beneficiary] **knowingly and voluntarily named** [the fiduciary] as a joint tenant with right of survivorship on the bank accounts, that fact by itself does not conclusively demonstrate that [plaintiff] could not prove her pleaded allegations that [the fiduciary] breached a fiduciary duty to [the beneficiary].

*Id.* (emphasis added). Likewise, this Court in *Sorrell v Elsey,* 748 S.W.2d 584 (Tex.App.-San Antonio 1988, writ denied), held that:

> Whether the complaining party in a fiduciary transaction understood the transaction in question is not the critical issue. … Under fiduciary circumstances, a claim that a transaction was **adopted by the execution of a document in conjunction therewith** does not preclude an inquiry into the fairness of the entire transaction and the imposition of the fiduciary burdens. *Archer v. Griffith,* 390 S.W.2d at 739, 740.

*Id.* at 586 (emphasis added).

The Court in *Miller* held that the fact that the beneficiary of the fiduciary relationship 1) read the contract with her fiduciary; 2) signed it; 3) asked no questions about it; and 4) intended to be bound by the contract was not relevant to the determination of the fairness of the transaction. *Miller*, 700 S.W.2d at 943.

4

The Court held that the beneficiary's intent was immaterial, and that the sole issue was the fairness of the transaction:

> Under the charge as submitted by the court, materiality of the nondisclosed facts did not depend on Judy's state of mind. The court defined "material fact" as a "fact which a reasonable person, under the same or similar circumstances, would attach importance to in determining his course of conduct or action." If the facts known to Howard were "material" in this sense, he had a fiduciary duty to disclose them, and his breach of this duty cannot be excused on the ground that Judy has failed to establish her reliance on Howard's duty to disclose them.

*Id.* at 948. This Court erred by doing the converse of the above three cases – ignoring the fairness of the transactions and determining the lack of a documented injury to Appellant based only on her unexpressed intent.

### This Court Erred By Contradicting Its Own Opinions<br>Tolling Limitations in Breach of Fiduciary Duties Cases

A. Appellant cited *Sorrell v Elsey,* 748 S.W.2d 584 (Tex.App.-San Antonio 1988, writ denied), a deed rescission case very similar to this one, for the following propositions: 1) the fact that Appellant may have understood that she was making a gift of some sort and consented to the gifts by signing the deeds was irrelevant to the determination of her injury; and 2) a gift deed from the beneficiary of the fiduciary relationship to the fiduciary is prima facie injury to the beneficiary. This Court completely ignored *Sorrell* and, in fact, held the opposite -- that the intent of the beneficiary determines whether she was injured, and that a gift deed to a fiduciary is <u>not</u> a prima facie injury.

B.     Similarly, Appellant cited *Camp Mystic, Inc. v. Eastland*, 390 S.W.3d 444 (Tex. App.-San Antonio 2012, pet. granted, remanded by agr.), a lease case, for the propositions that 1) the discovery rule applies to transactions between a fiduciary and the beneficiary of the fiduciary relationship; and 2) the signing by a beneficiary of a contract with a fiduciary does not preclude an attack by the beneficiary on the contract for unfairness.  This Court completely ignored *Camp Mystic*, and held the opposite, that the discovery rule does not necessarily apply to transactions between a fiduciary and a beneficiary; and that a beneficiary's unexpressed intent precludes an attack on a written transaction with a fiduciary.

**This Court Erred In Applying the *S.V.* Opinion to This Case**

Appellant pled that Appellees breached their "fiduciary duty of full disclosure" by failing to disclose to Appellant "the ramifications of signing these deeds, in particular that [Appellant] would be giving up her mineral interests." (CR1455).  As shown below, the failure of a fiduciary to disclose material facts to the beneficiary has been characterized as both fraud and fraudulent concealment.

Although *S.V. v. R.V.,* 933 S.W.2d 1 (Tex. 1996) was a repressed memory case and not a fiduciary transaction case, this Court cited it twenty times in its opinion.  Clearly, *S.V.* provided the fundamental underpinning for its holding that Appellant's injury was not objectively verifiable.  The Supreme Court in *S.V.*, however, acknowledged that the typical discovery rule analysis, including the

requirement of an objectively verifiable injury, does <u>not</u> apply to cases "involving" fraud or fraudulent concealment:

> Strictly speaking, the cases in which we have deferred accrual of causes of action for limitations purposes fall into two categories: **those involving fraud and fraudulent concealment, and all others.** The deferral of accrual in the latter cases is properly referred to as the discovery rule. We observe the distinction between the two categories because each is characterized by different substantive and procedural rules. … Fraud, we have said, in and of itself prevents running of the statute of limitations … Restated, the general principle is this: **accrual of a cause of action is deferred in cases of fraud or in which the wrongdoing is fraudulently concealed**, and in discovery rule cases in which the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred but may be objectively verified.

*Id.* at 4 (emphasis added). Because this case involves fraud and fraudulent concealment, limitations was automatically tolled, the discovery rule does not apply, and there is no requirement of an objectively verifiable injury. Thus, the entire foundation for, and analysis in, this Court's opinion is fundamentally erroneous. By requiring an objectively verifiable injury in a case involving fraud and fraudulent concealment, this Court's opinion turns *S.V.* on its head, and holds the <u>opposite</u> of *S.V.*

A fiduciary's transactions with a beneficiary and failure to disclose material facts to a beneficiary are presumptively <u>fraud</u>:

> All transactions between a fiduciary and his principal are **presumptively fraudulent and void**; therefore, the burden lies on the fiduciary to establish the validity of any particular transaction in which he is involved. … Silence is equivalent to a false

7

representation where circumstances impose a duty to speak and one deliberately remains silent. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986). So, for there to be **actionable nondisclosure fraud**, there must be a duty to disclose. *Bradford v. Vento*, 997 S.W.2d 713, 725 (Tex.App.-Corpus Christi 1999, pet. granted); *Hoggett v. Brown*, 971 S.W.2d at 487–88. Whether such a duty exists is a question of law. Bradford v. Vento, 997 S.W.2d at 725. A duty to disclose may arise in four situations: (1) where there is a special or fiduciary relationship; …

*Lesikar v. Rappeport*, 33 S.W.3d 282, 298-99 (Tex.App.-Texarkana 2000, pet. denied) (emphasis added). *See also, Bright v. Addison*, 171 S.W.3d 588, 599 (Tex.App-Dallas 2005, pet. denied) ("The failure [of a fiduciary] to disclose constitutes fraud.").

A fiduciary's failure to disclose material facts to a beneficiary of the fiduciary relationship is also <u>fraudulent concealment</u>:

> **A breach of a fiduciary duty of disclosure is tantamount to concealment for limitations purposes.** *Id.* at 645*; see Seureau*, 274 S.W.3d at 228 (including as additional element of fraudulent concealment doctrine "a duty to disclose the wrong"). Thus, the statute of limitations for a breach of fiduciary duty claim does not begin to run until the claimant "knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act." *Little v. Smith*, 943 S.W.2d 414, 420 (Tex.1997)

*Dernick Resources, Inc. v. Wilstein,* 312 S.W.3d 864, 878 (Tex.App.–Houston [1st Dist.] 2009, no pet.) (emphasis added).

> A breach of a [fiduciary's] duty to disclose is tantamount to concealment. *Id.* **Failure to disclose in such situations constitutes fraudulent concealment** which will prevent the wrongdoer from perpetrating further fraud by using limitations as a shield.

*Haas v. George,* 71 S.W.3d 904, 913 (Tex.App.–Texarkana 2002, no pet.) (emphasis added).

By *S.V.'s* express holding, the type of breach of fiduciary duty case presented here tolls limitations, regardless of the objectively verifiable prong of the discovery rule.

### By Ruling That Appellant's Injury Cannot Be Objectively Verified, The Court Has Effectively Created a New Shield for Defalcating Fiduciaries

This Court's opinion is a classic example of "bad facts make bad law." Collateral damage from the Court's opinion will likely be significant. Essentially, the Court has rejected all of the burdens placed on fiduciaries to prove fairness and prove full disclosure - burdens that this Court has frequently recognized and enforced, and which satisfy the objectively verifiable prong. Instead, the Court has effectively classified Mary's claim as just an unverifiable swearing match, because Mary had to document her intention to keep the minerals. This Court's opinion turns the law of fiduciary duty on its head and switches the burden away from the fiduciary and back to the beneficiary, as in any arms-length case. More importantly, this Court negated its own holding in *Sorrell* that **"whether the complaining party in a fiduciary transaction understood the transaction in question is not the critical issue."** *Id.* at 586. Here, the Court has determined that the critical issue is whether Mary understood the transaction: that is, she had to

understand that the minerals were being taken and objectively express that she wanted to keep her minerals.

Essentially, this Court held that Mary could not objectively show that she intended to retain the minerals in order to satisfy the objectively verifiable prong. The Court specifically held that deposition testimony is not objectively verifiable:

> The evidence in this case consists of **deposition testimony, which is not objectively verifiable evidence**, and copies of the actual deeds showing a transfer of the mineral estate from Mary to Tommy and Harry, respectively. While the deeds are evidence that Mary's mineral interests passed to her sons, they are not evidence that the mineral interests were wrongfully transferred to her sons.

This statement by the Court effectively holds that no abusive gift, loan, sale, or transfer between a beneficiary and her fiduciary will ever be subject to the discovery rule. Apply this Court's holding above to a deed given by an elderly beneficiary to her lawyer, to a check given to a close confidante, or to the signing of a survivorship account agreement at the request of a fiduciary. To trigger the discovery rule in those situations, the beneficiary would be forced by this Court to objectively prove that the transaction was <u>not</u> intended to be a gift, or <u>not</u> intended to be compensation, or <u>not</u> made for some other legitimate reason. And, the Court has effectively opined that one cannot show that the injury is objectively verifiable via the long recognized presumptions of fraud and unfairness or through testimony. How could any beneficiary ever meet that prong under this Court's erroneous interpretation?

This Court's opinion is potentially devastating to beneficiaries of fiduciary duty, especially to the elderly who are more apt to execute transactions without fully grasping what they are. Any time a fiduciary slips a piece of paper in front of his beneficiary, the clock will now run, even though the beneficiary may not know what he or she signed, or the true effect of signing the document and regardless of whether the transaction is unfair. Because of this Court's opinion, "sharp bargains," like the one here, will become the new elder abuse game in town.

**WHEREFORE**, Appellant prays that the Court consider this Motion, grant a reconsideration en banc, and grant general relief.

Respectfully submitted,

**THE HARTNETT LAW FIRM**

By:   /s/ Jim Hartnett, Jr.
        Jim Hartnett, Jr.
        Texas Bar Card No. 09169200
        jim@hartnettlawfirm.com
        Will Hartnett
        Texas Bar Card No. 09170200
        will@hartnettlawfirm.com
        Fred Hartnett
        Texas Bar Card No. 00790833
        fred@hartnettlawfirm.com
        Melinda J. Hartnett
        Texas Bar Card No. 24032403

        2920 N. Pearl Street
        Dallas, Texas 75201
        Telephone (214) 742-4655
        Facsimile (214) 855-7857

ATTORNEYS FOR MARY MOCZYGEMBA,
APPELLANT

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the above document complies with the word count limits set forth in the amendments to the Texas Rules of Appellate Procedure. The document has a word count of 2,768.

/s/ Jim Hartnett, Jr.
Jim Hartnett, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of May, 2015, a copy of the above and foregoing response was sent pursuant to T.R.A.P. Rule 9.5 to the following parties and counsel of record:

Joyce W. Moore
Langley & Banack, Inc.
745 East Mulberry, Suite 900
San Antonio, Texas 78212
Telephone (210) 736-6600
Facsimile (210) 735-6889
jwmoore@langleybanack.com
Attorneys for Thomas J. Moczygemba
And Harry Lee Moczygemba

/s/ Jim Hartnett, Jr.
Jim Hartnett, Jr.