# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00140-CV

---

**John Bird, Individually; John Bird, as de facto Trustee of the Carl C. Anderson, Sr. and Marie Jo Anderson Charitable Remainder Trust; and John Bird, as former de facto Trustee of the Carl C. Anderson, Sr. and Marie Jo Anderson Family Trust f/b/o JenniferJo Bird, Appellants**

**v.**

**The Carl C. Anderson, Sr. and Marie Jo Anderson Charitable Foundation, Appellee**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-20-001327, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

John Bird (John) petitions for permissive appeal from an interlocutory order denying his Rule 91a motion to dismiss the underlying lawsuit involving two trusts: the Carl C. Anderson, Sr. and Marie Jo Anderson Charitable Remainder Trust (Farm Trust) and the Carl C. Anderson, Sr. and Marie Jo Anderson Family Trust f/b/o Jennifer Jo Bird (Family Trust).[1] *See* Tex. R. Civ. P. 91a. The Carl C. Anderson, Sr. and Marie Jo Anderson Charitable Foundation (Foundation),[2] plaintiff below, has filed a response opposing John's petition. When an interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the

---

[1] Jennifer Jo Bird (Jennifer) is John's wife and the sole primary beneficiary of both trusts, which were established by her parents.

[2] The Foundation is the remainder beneficiary of both trusts.

ultimate termination of the litigation," a trial court may permit an appeal from the interlocutory order, and we have discretion to accept the appeal. Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730–33 (Tex. 2019); *see also* Tex. R. App. P. 28.3 (establishing procedure for permissive appeals in civil cases). Because we conclude that John has not demonstrated "how an immediate appeal from the order may materially advance the ultimate termination of the litigation," we deny his petition.[3]

In the underlying suit, the Foundation sued Jennifer[4] for breach of fiduciary duty and John[5] for breach of fiduciary duty, conversion, and knowing participation in breach of fiduciary duty related to administration and management of the two trusts.[6] As to John, the Foundation alleges that he "took advantage of Jennifer's incapacity by improperly usurping her role as trustee." It alleges that John sold the trusts' assets against the express wishes of both the grantors and Jennifer and reinvested the proceeds into "high-risk and non-diversified investments that exposed the trusts and [their] beneficiaries to inappropriate levels of risk," causing the trusts to substantially diminish in value; distributed assets to himself, Jennifer, and perhaps others to the

---

[3] We express no opinion as to whether the order involves a controlling question of law as to which there is a substantial ground for difference of opinion.

[4] The Foundation sued Jennifer (1) individually, (2) as trustee of the Farm Trust, and (3) as former trustee of the Family Trust.

[5] The Foundation sued John (1) individually, (2) as "de facto trustee" of the Farm Trust, and (3) as "former de facto trustee" of the Family Trust.

[6] The Foundation also sought to: (1) remove Jennifer as trustee of the Farm Trust, alleging without specificity that she is an "incapacitated person"; (2) appoint a guardian ad litem for Jennifer in these proceedings, *see* Tex. Est. Code § 1102.001; (3) appoint a successor trustee of the Farm Trust; (4) modify provisions of both trusts pertaining to successor trustees; (5) obtain certain declarations concerning the Farm Trust's capital gains for federal-income-tax purposes; and (6) obtain an accounting from both trusts. The Foundation brought into the litigation as interested persons the bank currently serving as trustee of the Family Trust and Carl C. Anderson, III, the Farm Trust's first successor trustee after Jennifer.

Foundation's detriment; and had Jennifer sign all of the transactional documents in her role as trustee even though she was and is incapacitated.

John filed a Rule 91a "Motion for Partial Dismissal." *See* Tex. R. Civ. P. 91a ("Dismissal of Baseless Causes of Action"). In his motion, John argued that the "alleged, but bogus '*de facto* trustee' capacity and the alleged, but bogus 'former *de* facto trustee' capacity are not recognized legal capacities under Texas law" and asked the trial court to dismiss the Foundation's claims or requests for relief against him in those "bogus" capacities because "such claims do not exist and have no basis in law or fact." The trial court denied John's motion but granted his subsequent motion to certify the order for interlocutory appeal. In an amended order denying John's Rule 91a motion, the trial court found that "Texas law recognizes the legal capacity of '*de facto* trustee' in the context of the administration of private trusts" and granted John permission to file and pursue an interlocutory appeal of the question of "whether Texas law recognizes the legal capacity of '*de facto* trustee' in the context of the administration of private trusts."

John contends that an immediate appeal of the trial court's legal determination "may materially advance the ultimate termination of the litigation" in three ways. First, he argues that if the "de facto trustee" and "former de facto trustee" capacities do not exist in Texas, the trial court "does not have jurisdiction" over him in those capacities, and "any action by the trial court in relation to John in those supposed capacities would be void." However, to the extent that capacity is the relevant issue,[7] "[c]apacity is not a jurisdictional issue." *City of Port Isabel v.*

_____

[7] The Foundation responds that the salient legal issue is not the legal capacity in which it has sued John but, rather, whether he owed the beneficiaries a fiduciary duty: "The crux of the question is whether Texas law imposes fiduciary duties on a person who is not otherwise a formal fiduciary, but voluntarily takes actions that can only be properly performed by someone with fiduciary duties."

3

*Pinnell*, 161 S.W.3d 233, 238 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) ("Capacity is a party's legal authority to sue or be sued."); *see Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 779—80 (Tex. 2020) (concluding that party's challenge to capacity of partner to bring claim that "actually belongs to the partnership" is "matter of capacity" and "does not implicate subject-matter jurisdiction"). Secondly, John argues that if the de facto capacity does indeed exist in Texas and the trial court determined that he acted in that capacity and therefore owed a fiduciary duty to the beneficiaries, then the burden of proof would shift from the Foundation to him, citing *Gray v. Sangrey*, 428 S.W.3d 311, 316 (Tex. App.—Texarkana 2014, pet. denied), and *Sorrell v. Elsey*, 748 S.W.2d 584, 586 (Tex. App.—San Antonio 1988, writ denied). He contends that such burden shifting would "substantially increase . . . the claims the Foundation may bring against [him] and . . . his potential liability." However, the rule in *Gray* and *Sorrell*, requiring a fiduciary to prove the fairness of a challenged transaction, applies only in situations where a fiduciary is alleged to have engaged in a transaction *between* himself and his principal, which is not what the Foundation has alleged. *See Gray*, 428 S.W.3d at 316; *Sorrell*, 748 S.W.2d at 586. John's arguments about jurisdiction and burden shifting are therefore inapposite.

Lastly, John argues that "every facet of the case and trial preparation depends on and is affected by whether John is to be treated as a trustee, including discovery, the scope of document production, his approach to witness testimony, application of privilege, [and] assessing his exposure to the caprices of a jury." However, John's conduct will be the subject of discovery and will be submitted to the jury regardless of whether the jury is asked to assess his conduct under the theory of conversion, breach of fiduciary duty, or knowing participation in Jennifer's alleged breach of fiduciary duty. *See Lara v. Streamline Ins. Servs.*, No. 03-19-00474-CV, 2020 WL 7776080, at *6 (Tex. App.—Austin Dec. 31, 2020, no pet.) (mem. op.) (noting that party

4

who knowingly participates in breach of duty of fiduciary "becomes a joint tort-feasor with the fiduciary and is liable as such"); *see also Insurance All. v. Lake Texoma Highport, LLC*, 452 S.W.3d 57, 78 (Tex. App.—Dallas 2014, pet. denied) (noting that party may sue and seek damages on alternative theories of liability and that if jury awards damages on separate theories, plaintiff is entitled to finding that affords greatest recovery). Neither the scope of discovery nor the length of trial proceedings is likely to be substantially affected if the claims against John in the de facto capacities were dismissed, and John does not explain how the termination of this litigation would be materially advanced by a determination that a "de facto" trustee capacity does not exist. Instead, the related alternate theory the Foundation is pursuing against John—knowing participation in Jennifer's alleged breach of fiduciary duty—is based on the same underlying factual allegations and would require substantially the same proof and impose the same liability as the direct claim against him for breach of fiduciary duty.

Moreover, even assuming the trial court wrongly determined that a "de facto" trustee capacity exists under Texas law, the Foundation also sued John in his individual capacity, and a person is liable for his own torts in an individual capacity. *See Alexander v. Marshall*, No. 14-18-00425-CV, 2021 WL 970760, at *2 (Tex. App.—Houston [14th Dist.] Mar. 16, 2021, no pet.) (mem. op.). While the precise legal issue the trial court determined at this stage, per John's motion, is the viability of the de facto trustee "capacity" in which the Foundation has sued John, the trial court has yet to make the more salient determination of whether John owed the beneficiaries a fiduciary duty—either as a "de facto trustee" or under equitable principles—which is a question of law for the court that turns on the specific facts yet to be developed rather than on the legal capacity in which John was sued, considering that "fiduciary duties are equitable in nature and generally not subject to hard and fast rules," *see National Plan Adm'rs, Inc. v. National*

5

*Health Ins.*, 235 S.W.3d 695, 702 (Tex. 2007); *see also Ritchie v. Rupe*, 443 S.W.3d 856, 868 (Tex. 2014) (noting that "those acting as directors" owe fiduciary duty to corporation even if not formally appointed as such); *Strebel v. Wimberly*, 371 S.W.3d 267, 281 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Even where no fiduciary duties normally arise, they spring into existence when a limited partner actively engages in control over the operation of the business so as to create duties that otherwise would not exist." (internal quotations and citations omitted)). Even if this Court were to determine that the "de facto" capacity does not exist, such determination would not materially advance the litigation's termination because the issue of whether John owed the beneficiaries a fiduciary duty—in his individual capacity by allegedly and informally acting in the role of a trustee—would nonetheless remain a live issue. Furthermore, this litigation involves several parties and issues besides the damages claims relating to John's and Jennifer's actions in managing and administering the trusts; John has not explained how the dismissal of claims against him in the "de facto" trustee capacities would materially advance the litigation's termination in the context of the other issues and parties.

Having carefully reviewed the petition, the response, and the reply, we conclude that John did not establish the statutory requirements for a permissive appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d)(2), (f). Accordingly, we deny John's petition for permissive appeal.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Petition for Permissive Appeal Denied

Filed: June 24, 2021

6